IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM VAZQUEZ-RIOS,

    Petitioner

           v.                         Civil No. 06-2036 (SEC)

UNITED STATES OF AMERICA,

    Respondent

**OPINION & ORDER**

Pending before this Court is Petitioner William Vazquez-Rios' ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A § 2255, seeking to invalidate his sentence in Crim. No. 02-214 (SEC). See Docket # 1. The United States of America ("United States") opposed the Motion, and Petitioner proffered a Reply. See Docket ## 4&7. After considering the filings, and the applicable law, Petitioner's motion is hereby **DENIED**.

**Factual and Procedural Background**

Petitioner was a member of a conspiracy to distribute narcotics. In 2000, authorities intercepted a first telephone call with another co-conspirator where he discussed his involvement in the processing of drugs for distribution, and a second call where Petitioner discussed future drug transactions. See Docket # 19. In 2002, the United States indicted Petitioner, along with 16 other co-defendants, for conspiracy to distribute narcotics. On December 12, 2003, after reaching a plea agreement,[1] Petitioner pled guilty to conspiracy to possess with intent to distribute at least four hundred (400), but less than five hundred (500) grams of cocaine pursuant to 42 U.S.C. §§ 841(a)(1) & 846. Crim. No. 02-214 at Docket # 522.

---

[1] Because he was considered a career offender the base level for sentencing was thirty-two, pursuant to U.S.S.G. § 4B1.1(b)(c), which was reduced three (3) levels, to twenty-nine, for acceptance of responsibility in accordance with U.S.S.G. § 3B1.1(b)(c). See Docket # 4 at 3.

**CIVIL NO. 06-2036 (SEC)**                                                                 Page 2

On April 16, 2004, this Court sentenced him to 151 months of imprisonment, followed by three years of supervised release. Id. Said sentence included a career offender enhancement, because Petitioner had been convicted of four previous felonies, albeit of an apparently non-major nature, including petty distribution and "chain-snatching" robbery. Id. at Docket # 519.

Petitioner appealed this sentence to the First Circuit. On appeal, he argued, to no avail, that his counsel failed to attack the constitutionality of the mandatory sentencing guidelines under relevant case law,[2] and that United States v. Booker, 543 U.S. 220 (2005), should have precluded the imposition of aggravating factors, such as career offender status. The First Circuit concluded that he had not made an objection sufficient to preserve an argument under Booker, and with regards to his plea agreement and sentencing stated, in pertinent part:

> In our view, the record, including the written plea agreement and the transcript of the sentencing hearing, does not reveal a reasonable probability that appellant would have received a more lenient sentence under an advisory guideline regime. The court was aware that the government had already effectuated a significant reduction in the sentence in negotiating the amount of drugs for which appellant would be held responsible. The record reflects that the court regarded the sentence it imposed, which was at the low end of the sentencing range as agreed upon by the parties, as appropriate in light of the factors pressed by appellant on appeal: his criminal history, his role in the offense, and his history of drug addiction.

United States v. Vázquez-Ríos, No. 04-1727 (1st Cir. July, 19, 2005) (unpublished).[3]

Petitioner seeks relief under 28 U.S.C. § 2255, claiming that his counsel was ineffective during the sentencing phase of his case for: 1) not challenging the constitutionality of the mandatory nature of the sentencing guidelines in light of Apprendi ; 2) failing to challenge this Court's lack of jurisdiction in imposing career offender enhancement where said enhancement was not proven to a jury; 3) failing to contest that Petitioner's prior felony convictions allegedly failed to qualify him for a career offender enhancement; and 4) failing to request downward departure for petitioner's self surrender. Docket # 1.

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004).

[3] Certiorari to the United States Supreme Court was subsequently denied as well.

**CIVIL NO. 06-2036 (SEC)**                                                                                          Page 3

**Standard of Review**

Federal District Courts have the jurisdiction to entertain motions under section 2255 of title 28 of the United States Code when a petitioner is incarcerated by sentence of a federal court. See 28 U.S.C. §2255. The section provides four grounds on which a federal prisoner may challenge his sentence: (1) the sentence imposed is in violation of the Constitution and/or laws of the United States; (2) the court lacked the jurisdiction to impose the sentence; (3) the sentence exceeded the maximum term authorized by law; or (4) the sentence is otherwise subject to collateral review. See id.  Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

The petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).  In particular, "[t]he burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence." Lema v. U.S., 987 F.2d 48, 51-52 (1st Cir. 1993).  Also, in petitions that are inadequate on their face, are "conclusively refuted as to the alleged facts by the files and records of the case, *summary dismissal* is appropriate." Id.  Additionally, "even a section 2255 petition predicated on specific assertions of fact allegedly supported in the record may be dismissed summarily by the district court," provided "the district court can ... 'test' the ... allegations by assuming *arguendo* their truth, and then assessing their sufficiency in light of the relevant constitutional standards and the record." Id.

At present Petitioner has challenged the adequacy of his counsel's actions in the sentencing phase of his conviction. The standard of review for an attorney's performance is a "very forgiving" one.  See U.S. v. Theodore, 468 F.3d 52, 57 (1st  Cir. 2006) (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000)).  The Sixth Amendment to the Constitution of the United States provides in part that: "[i]n all criminal prosecutions, the accused shall enjoy the right to [...] have the Assistance of Counsel for his defence (sic)." U.S. CONST. amend. VI. The

**CIVIL NO. 06-2036 (SEC)**                                                                              **Page 4**

legal assistance envisioned by the Amendment, however, is not satisfied by merely having a lawyer present alongside the defendant during trial. In order to comply with the Sixth Amendment guarantee, counsel must provide "effective assistance." Strickland v. Washington, 466 U.S. 668, 685-686 (1984).

A convicted defendant who questions the validity of the criminal proceeding against him by way of claiming ineffective assistance of counsel must meet the two-part test established by the U.S. Supreme Court in Strickland. This requires the criminal defendant to first "establish that (1) 'counsel's representation fell below an objective standard of reasonableness', and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (citing Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir. 2005) (quoting Strickland, 466 U.S. at 684)). In relation to the first part of the test, the U.S. Supreme Court has stated that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 700.

Even if a criminal defendant overcomes this rather formidable obstacle, his ineffective assistance claim will not prosper unless he can also establish the second prong of the test. See id. Strickland's holding also requires a showing that counsel's deficient performance prejudiced the defendant. Id. at 694. That does not mean, however, that the court must address the two prongs of the test in the order above, or even analyze both. If the court is satisfied that the defendant cannot establish either that Counsel was deficient, or that such deficiency prejudiced the defendant, it may dispose of the claim without further ado. See id. at 697.

Finally, the court's evaluation of counsel's performance must be highly deferential. Id. at 691. The Supreme Court held that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Therefore, to make a fair assessment of an

attorney's performance, the court should attempt to eliminate the distorting effects of hindsight. Id.

### Applicable Law and Analysis

As a preliminary issue, this Court must reiterate that the First Circuit has consistently held that: "[i]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." Singleton v. U.S., 26 F.3d 233, 240 (1st Cir. 1994) (citing Dirring v. U.S., 370 F.2d 862, 864 (1st Cir. 1967)). Thus, any issue seen on direct appeal by the First Circuit, relating to Crim. No. 02-214-7 (SEC), is precluded from being considered by this Court through the use of a 28 U.S.C. § 2255 motion. In addition, in so far as petitioner is seeking to add new elements to his constitutional claim not raised in his direct appeal, he must show cause for the failure to do so and actual prejudice stemming from it. See Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996); Knight v. U.S., 37 F.3d 769, 774 (1st Cir. 1994).

*Career Offender Status*

Where Petitioner's argument on this front has the most force is when he highlights that his prior convictions were minor felonies, a fact that the United States does not dispute. He thus argues that the imposition of a career offender enhancement violated his rights under the Sixth Amendment of the United States Constitution, as elaborated in Booker, because it was imposed by this Court without a plea agreement to the same, nor following a finding by a jury. Nevertheless, this Court agrees with the United States' assertions that according to Booker recidivism is not a separate element of an offense that must be independently proven. Booker, 543 U.S. at 243; Almendarez-Torres v. United States, 523 U.S. 224, 247 (1997). Therefore, Petitioner's arguments regarding the constitutionality of the application of the career offender enhancement to his case lack any basis in the law. This is highlighted by the fact that the First Circuit validated the original sentence, taking into consideration the application of said enhancement. Vázquez-Ríos, App. No. 04-1727.

With regards to the sufficiency of the legal representation he received on this point of law, Petitioner's counsel duly argued that this Court should consider that his prior felony

**Civil No. 06-2036(SEC)** **Page 6**

convictions, while sufficient to technically constitute the enhancement, seemed disproportionate with the 151-month sentence finally handed down by this Court.[4] See Crim. No. 02-214-7 (SEC), Docket # 519 at 3-4. A similar argument was also part of the record reviewed by the First Circuit, and thus rejected upon direct appeal. The First Circuit noted that Petitioner failed to make sufficient objections in his plea to preserve any rights under Booker. It further concluded that: "The record reflects that the court regarded the sentence it imposed, which was at the low end of the sentencing range as agreed upon by the parties, as appropriate in light of the factors pressed by appellant on appeal: **his criminal history**, his role in the offense, and his history of drug addiction." Vázquez-Ríos, App. No. 04-1727 (emphasis added).

Because petitioner cannot use 28 U.S.C. § 2255 to re-litigate an issue at disposed of in a prior appeal, this Court will not give a second review to the imposition of a career offender enhancement. To succeed in the § 2255 motion, herein Petitioner must prove that even counsel was deficient in failing to argue that in light of the above his sentence was unconstitutional. Strickland, 466 U.S. at 697. Given that said argument was directly rejected on appeal, there is no basis for finding fault with his representation, who nonetheless, made an impassioned argument on this very point, and could have done very little else given the particular facts of the case.

*Mandatory Nature of the Sentencing Guidelines*

Petitioner claims that counsel was ineffective for failing to raise Apprendi issues. This Court first notes that said argument was directly rejected on appeal, and is thus not subject to collateral attacks. Nevertheless, at the time of the plea, the sentencing guidelines's mandatory nature had not been struck down by Booker, and any arguments to that effect would have been speculative. Without the distorting effects of hindsight, no reasonable person could have expected his defense to make conjectural legal arguments based on standards yet to be established. Strickland, 466 U.S. at 700

---

[4] Petitioner at no point argues that said convictions do not exist, rather he takes issue with the ramifications the had on his sentence.

Case 3:06-cv-02036-SEC   Document 8   Filed 12/08/09   Page 7 of 7

**Civil No. 06-2036(SEC)**                                                                                        **Page 7**

*Self-Surrender*

Petitioner's final argument is that, " he was provided ineffective assistance of counsel for counsel failing to request a downward departure for Petitioner's self-surrender when Petitioner realized he had been indicted by the grand jury." Docket # 1 at 9. This claim not only conflicts with the reality of the record, but under no circumstances would be grounds for the remedy he seeks. Moreover, this Court should point out that Petitioner's counsel did in fact plead that Petitioner's self-surrender should weigh favorably in the sentencing decision. Crim. No. 02-214-7 (SEC), Docket # 519 at 8.

A 28 U.S.C. § 2255 motion is an inappropriate vehicle for the self-surrender argument, because no cause has been show as to why this argument could not have been directly argued on appeal. Knight, 37 F.3d at 774. Even if it were not precluded, it lacks merit within the particular facts of this case because Petitioner's counsel undoubtedly brought the issue before this Court at sentencing, and no case law has been cited to the effect that self-surrender in any way binds a trial court as grounds for a lower sentence. Moreover, the self-surrender may well have weighed in the sentence, which was on the low end of the guidelines, and also could have influenced the United States' willingness to make a plea in the first place. There is no reason to believe counsel, via a written downward departure motion, could have made any other successful arguments based around Petitioner's self-surrender.

**Conclusion**

In light of the above, this Court concludes that Petitioner's claim for ineffective assistance of counsel lacks support in the record. As a result, his § 2255 motion is **DENIED**, and this case is hereby **DISMISSED with PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of December, 2009

                                      S/ *Salvador E. Casellas*
                                      SALVADOR E. CASELLAS
                                      U.S. Senior District Judge